**SO ORDERED.**

**SIGNED this 07 day of February, 2007.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **DOREEN M. MOLITOR,** | **CASE NO. 05-17919** |
| | **CHAPTER 7** |
| **DEBTOR.** | |
| **STEVEN L. SPETH, Trustee,** | |
| **PLAINTIFF,** | |
| v. | **ADV. NO. 06-5154** |
| **DOREEN M. MOLITOR, GREG M. MOLITOR, FARM CREDIT SERVICES OF CENTRAL KANSAS, FLCA, and FARM CREDIT SERVICES OF CENTRAL KANSAS, PCA,** | |
| **DEFENDANTS.** | |

### MEMORANDUM AND ORDER DENYING COMPLAINT TO
### DETERMINE DEBTOR'S INTEREST IN PROPERTY

On January 30, 2007, came on for trial the Complaint to Determine Debtor's Interest in Property filed by the Chapter 7 Trustee, Steven L. Speth. Steven L. Speth appeared by Timothy J. King of Speth & King. Defendant Doreen M. Molitor appeared by Dennis F. Shay of Smith, Shay, Farmer & Wetta, LLC. Defendant Greg M. Molitor appeared by Dan W. Forker, Jr. of Forker, Suter & Rose. Defendants Farm Credit Services of Central Kansas, FLCA and Farm Credit Services of Central Kansas, PCA (hereafter collectively "Farm Credit") appeared by Martin R. Ufford of Redmond & Nazar, LLP. There were no other appearances.

The Complaint seeks an order of the Court that Debtor Doreen M. Molitor is the owner of or has an interest in certain farm personal property used in the farming operation of Defendant Greg M. Molitor, which property is subject to a perfected lien of Farm Credit. This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A complaint to determine whether specific property is property of the estate is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. §§ 157(b)(2)(A) and (E). There is no objection to venue or jurisdiction over the parties.

Following the close of the evidence, and having considered the testimony, exhibits, and statements of counsel, the Court, ruling from the bench, denied the Complaint and held that the property in issue was not owned by the Debtor and is not property of the estate. The Court stated on the record its Findings of Fact and Conclusions of Law, which are incorporated herein by this reference.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###

3

Case 06-05154   Doc# 52   Filed 02/07/07   Page 3 of 3